IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Simplifi Health Benefit Management, LLC, | : | |
| | : | Civil Action 2:13-cv-00714 |
| Plaintiff | : | Judge Watson |
| v. | : | Magistrate Judge Abel |
| Cayman Islands National Insurance Company, | : | |
| Defendant | : | |

# Order

Plaintiff Simplifi Health Benefit Management, LLC ("Simplifi") brings this action alleging that defendant Cayman Islands National Insurance Company ("CINICO") breached a contract to pay it for third-party claims administration services. This matter is before the Magistrate Judge on defendant CINICO's May 27, 2014 motion to compel discovery (doc. 16) and its June 30, 2014 motion for leave to file an amended counterclaim (doc. 20).

Claims and defenses. The complaint contains the following allegations. Simplifi had a contract with an initial term of 24 months to provide third-party claims administration services to CINICO.[1] The contract would automatically renew annually unless either party notified the other of non-renewal at least 120 days before the contract termination date. On February 6, 2013, CINICO sent an email to Simplifi that purported to provide notice it was

---

[1] July 19, 2013 Complaint, ¶¶ 7-8 and Exh. 1, Doc. 2, PageID 49, 56-82.

terminating the contract as of May 31, 2013. However, by its terms the contract ran through June 30, 2013; and termination had to be done by formal written communication, not email. Consequently, Simplifi maintains, the contract automatically renewed for another year.

CINICO used Simplifi's services up to an beyond July 11, 2013 but did not pay for them. CINICO did not have a new third-party administrator by the end of May, and Simplifi continued to provide claims administration services through July 11, 2013. CINICO failed to pay the contractual $153,455.13 fee for administration services for July 2013. At the time the complaint was filed, Simplifi continued to incur costs such as retaining staff, performing client account and finance administration, account management, data maintenance, support for IT infrastructure, payments to third-party vendors and subcontractors, and the like.

Among other defenses, the answer pleads that since February 2013 Simplifi had actual knowledge of CINICO's intent to terminate the contract. CINICO filed a counterclaim that alleges it pre-paid Simplifi for the months February 2012, March 2012, and April 2012, but Simplifi failed and refused to perform all of the claims review, processing, and payment obligations set forth in the Agreement during those months. CINICO also paid Simplifi in full for the month of June 2013, but Simplifi failed and refused to provide CINICO with the monthly and quarterly reports which were due under the agreement for June 2013. In addition to damages for these breaches, CINICO sees its reasonable attorney's fees and costs incurred as provided by section 9.6 of the agreement.

CINICO argues that Simplifi's defense that the form of the notice of termination did

not comply with the contract termination provisions is meritless because it received actual notice. *See, e.g., Stonehenge Land Co. v. Beazer Homes Investments, L.L.C.*, 117 Ohio App.3d 7, 893 N.E.2d 855 at ¶ 24 (Franklin Cty. Ct. App. 2008) ("Our research reveals support for the trial court's conclusion that where there is evidence of actual notice, a technical deviation from a contractual notice requirement will not bar the action for breach of contract brought against a party that had actual notice."); *Daniel E. Terreri & Sons, Inc. v. Mahoning County Bd. of Comm'rs*, 152 Ohio App.3d 95, 786 N.E.2d 921 at ¶ 76 (Mahoning Cty. Ct. App. 2003); *Robert J. Au & Son, Inc. v. Northeast Ohio Regional Sewer District*, 29 Ohio App.3d 284, 292, 504 N.E.2d 1209, 1217 (Cuyahoga Co. App. 1986). Similarly, when a notice of termination fails to use the contractual date for termination, that does not invalidate it as a notice of termination. *See, Huston v. Travelers Insurance Company* , 79 Ohio App. 177 , 181 (Fr. Cty. Ct. App. 1946).

  <u>Motion to amend counterclaim</u>. CINICO seeks to add two claims. First, Count III of the proposed amended counterclaim alleges that in March 2012 CINICO paid Simplifi $5,000 to reconcile and issue a report concerning invoices submitted for an Airways Project; and in July 2013 CINICO paid Simplifi $5,000 to prepare a summary spreadsheet pertaining to claims paid on the Seafarers Project. Simplifi failed to perform or complete either assignment. Second, Count IV of the proposed amended counterclaim alleges that Simplifi agreed that it would pay only those claims approved by the Care Management Partner, who the proposed amended counterclaim alleges was Mayo Clinic Health Systems ("MMSI"). In 2012 and 2013, Simplifi breached the contract by paying $470,114.94 in claims that had not be approved or authorized by MMSI.

Simplifi argues that the motion to amend the counterclaim should be denied because there is nothing in the contract that obligated it to pay only those claims that had been authorized or approved by the Care Management Partner. CINICO responds that the contract was drafted by Simplifi's attorney. It provides that Simplifi shall "Process Claims",[2] but that Simplifi "shall have no discretionary authority . . . to adjudicate claims".[3] The contract does not define the terms "Process Claims" or "adjudicate claims". CINICO asserts that the parties designated the "Case Management Partner" as the person having the authority to adjudicate claims. CINICO tenders as evidence supporting that assertion an internal Simplifi January 22, 2013 email that states that ". . . MMSI is CINICO's case manager replacing CMN."[4] MMSI weekly electronically submitted claims it had adjudicated to Simplifi for processing.[5]

Motion to amend: Decision. A party may amend as a matter of course within 21 days after serving it or within 21 days of the earlier of either being served with a responsive pleading or a motion under Rule 12(b),(e), or (f). Rule 15(a)(2)(A) and (B), Fed. R. Civ. P.  In all other circumstances, an amended pleading may be file only with consent of the opposing party or leave of court. "The court should freely give leave when justice so

---

[2]August 2011 Administration Services Agreement, p. 2, § 3.3.2, Doc. 2-1, PageID 57.

[3]*Id.*, p. 8, § 7.9, PageID 63.

[4]CINICO's July 28, 2014 Reply Memorandum, Exh. A, Doc. 23-1, PageID 281.

[5]*Id.*, Exh. B, PageID 281-314. CINICO's brief asserts these are a sample of communications between MMSI and Simplifi about claims MMSI had approved.

requires." Rule 15(a)(2), Fed. R. Civ. P.  That standard was construed by the Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.--the leave sought should be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court . . . .

*See, Duggins v. Steak 'N Shake,* 195 F.3d 828, 834 (6th Cir. 1999).

The Sixth Circuit has ruled that "[i]t is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation,* 632 F.2d 21, 23 (6th Cir. 1980) (citing *Buron v. California,* 438 F.2d 637 (9th Cir. 1971) (per curiam); *Matthews v. Jones,* 35 F.3d 1046, 1050 (6th Cir. 1994).  A court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous.  *See Madison Fund, Inc. v. Denison Mines Ltd.,* 90 F.R.D. 89, 91 (S.D.N.Y. 1981); *Key Pharmaceuticals, Inc. v. Lowey,* 54 F.R.D. 445, 449 n.5 (S.D.N.Y. 1972).  Normally, the merits of a complaint are best resolved through a motion to dismiss or a motion for summary judgment.  *See WIXT Television, Inc. v. Meredith Corp.,* 504 F. Supp. 1003, 1010 (N.D.N.Y. 1980).  However, if there is no set of facts which could be proved under the amendment which would constitute a valid and sufficient claim, leave should be denied.  *See Cooper v. American Employers' Ins. Co.,* 296 F.2d 303, 307 (6th Cir.

5

1961).

Here CINICO has offered a plausible reading of the contract and some evidence supporting that reading. Simplifi has failed to demonstrate that the amended counterclaim fails to state claims for relief. Accordingly, defendant CINICO's June 30, 2014 motion for leave to file an amended counterclaim (doc. 20) is GRANTED.

Motion to compel. CINICO seeks to compel Simplifi to produce the following documents:

1. All documents described in CINICO's Request for Production which were created in calendar year 2012 or during the period August 1, 2013 to December 30, 2013;
2. All documents which Simplifi sent, mailed, delivered, or otherwise transmitted to Mr. Richard Tsu during the period January 1, 2012 to and including December 30, 2013, which, directly or indirectly, related to, referred to, and/or commented upon CINICO or any officer, employee, or agent thereof;
3. All documents which Simplifi received from Richard Tsu from January 1, 2012 to and including December 30, 2013, which, directly or indirectly, related to, referred to, and/or commented upon CINICO; and
4. All documents prepared, in whole or in part, by Richard Tsu which, directly or indirectly, relate to, refer to, and/or comment upon CINICO.

Simplifi responds that the discovery sought is not relevant. Alternatively, Simplifi satisfied its obligations under Rule 34, Fed. R. Civ. P., when it offered to open for inspection all of its CINICO files.

Simplifi argues that CINICO's discovery requests were overbroad. CINICO sought every document connected to it and the contract:

1. All documents Simplifi received from CINICO during the period January 1, 2010 to December 30, 2013.
2. All documents Simplifi sent, mailed, delivered, or otherwise transmitted to CINICO at any time during the period January 1, 2010 to December

6

      30, 2013.
3. All notes, memoranda, and all other documents which, directly or indirectly, relate to, refer to, and/or comment upon any and all telephone conversations between Simplifi and CINICO during the period January 1, 2010 to and including December 30, 2013.
4. All notes, memoranda, and all other documents which, directly or indirectly, relate to, refer to, and/or comment upon any and all meetings and/or conferences between CINICO and Simplifi during the period January 1, 2010 to and including December 30, 2013.
5. All documents prepared at any time during the period January 1, 2010 to and including December 30, 2013 which mention, comment upon, and/or refer to CINICO.
6. All documents which list or otherwise identify the membership of Simplifi during the period January 1, 2010 to and including December 30, 2013.
7. All documents which list or otherwise identify the membership of Simplifi's Management Committee during the period January 1, 2010 to and including December 30, 2013.
8. All documents which Simplifi sent, mailed, delivered, or otherwise transmitted to Ox International, Andrew Tang, and/or Richard Tsu during the period January 1, 2010 to and including December 30, 2013, which, directly or indirectly, related to, referred to, and/or commented upon CINICO or any officer, employee, or agent thereof.
9. All documents which Simplifi received from Ox International, Andrew Tang, and/or Richard Tsu from January 1, 2010 to and including December 30, 2013 which, directly or indirectly, related to, referred to, and/or commented upon CINICO.
10. All documents prepared, in whole or in part, by any, all, or some of the following individuals which, directly or indirectly, relate to, refer to, and/or comment upon CINICO: Robin Wall, Stoddard Lawrence, Cindy Sonnen, Mary Dixon, Andrew Tang, and/or Richard Tsu.
11. All documents which, directly or indirectly, set forth Simplifi' s costs and expenses for performing the services set forth in the Administration Services Agreement attached to the Complaint filed in this action, as well as all documents which, directly or indirectly, set forth the computation or calculation of such costs and expenses.
12. All organizational charts for Simplifi which were in effect at any time during the period January 1, 2010 to and including December 30, 2013.

Simplifi asserts this amounts to asking it to produce one-third of all its documents since

CINICO made up approximately one-third of its business. Although CINICO later

narrowed its request to the period January 1, 2012 to December 30, 2013, the scope and breadth of the requests did not change.

Simplifi argues that these broad discovery requests well exceed the scope of the claims at issue. The complaint is limited in time to events that occurred during the first half of 2013. CINICO's counterclaim alleges that Simplifi failed to perform all of its claims review, processiong, and payment obligations during February through April 2012.[6]

As to the document requests relating to Richard Tsu, Simplifi asserts that he was a member of its management committee but had a limited role in the matters at issue in this lawsuit. To support this argument, Simplifi points to a July 11, 2013 email Tsu sent to Andrew Tang, who had asked him to speak with Lonny Tibbetts. In the email, Tsu states, "I have never talked to anybody at CINICO before, I don't even know their number."[7]

In support of its alternative argument, Simplifi states that Rule 34 (b)(2)(E)(i) provides that documents must be produced "as they are kept in the usual course of business or [the party may] organize and label them to correspond to the categories in the request." Simplifi asserts that it "agreed to open for inspection and copying at CINICO's expense all of Simplifi's CINICO files."[8]

Finally, Simplifi argues that production would be burdensome. It estimates that the cost to process the amount of data sought in the format requested would be $63,755 to

---

[6]CINICO's October 1, 2013 Counterclaim, ¶ 5, Doc. 7, PageID 95.

[7]Simplifi's June 18, 2014 Memorandum Contra, Ex. C-2, Doc. 19, PageID 222.

[8]*Id.*, p. 9, PageID 200.

8

$75,000.[9]

CINICO responds that its breach of contract claims "primarily encompass 2012 ."[10] Simplifi's own request for production of documents sought all documents generated in 2012, and CINICO produced them. Simplifi's brief does not explain why it should not be required to do the same.[11]

As to Richard Tsu, CINICO asserts that he was its management committee member who declared that the contract had been extended another year. Further, CINICO itself has produced at least 143 documents which were from, to, or copies to Tsu.[12]

<u>Motion to compel: Decision</u>. As to the first category of documents CINICO seeks, essentially all documents related to the contract and the processing of claims, I conclude that the request should be narrowed to non-duplicative documents that relate to material disputed facts relating to CINICO's counterclaims. If the parties cannot agree on what documents fall into that description, they should provide me with a document request by document request summary of the responsive documents and state which counterclaim(s) those documents the documents are relevant to.

Simplifi says that in conformity with Rule 34 it has offered to make those documents available to CINICO as they are kept in the normal course of business. However, it

---

[9]*Id*., Ex. E, PageID 240.

[10]CINICO's July 2, 2014 Reply Memorandum, p. 3, Doc. 21, PageID 270.

[11]*Id*.

[12]Lawrence D. Walker's May 27, 2014 Affidavit, ¶ 8 and Exh. F, doc. 17, PageID 127-28 and 174.

gives no details of what, in practice, that offer would make available to CINICO's counsel. If that is how Simplifi wants to proceed, I caution that it will have the obligation to make its live business ESI and its paper documents available to CINICO for its inspection, that before the inspection it must provide CINICO with a detailed description of its records/ document keeping systems and a readily understood explanation of how documents may be retrieved from each such document/record keeping system, that before the inspection it must make available to CINICO several business days before the inspection the employ- ees most knowledgeable about those systems and how to access documents from them for a discussion with CINICO personnel about how the documents might most easily be locat- ed and retrieved, and that employees of Simplifi fully knowledgeable with how to most efficiently access those documents must be available at all times during the inspection to provide assistance to CINICO's attorneys or retained agents. Further, Simplifi is responsi- ble for searching the paper records of its management employees for all documents res- ponsive to the document requests and the stand alone computers or other electronic devic- es of its employees (unless it chooses to make those computers/devices available during the inspection.

Accordingly, defendant CINICO's May 27, 2014 motion to compel discovery (doc. 16) is GRANTED to the extent set out above.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in quest-

ion and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

                                                                  s/Mark R. Abel
                                                               United States Magistrate Judge