UNITED STATES DISTRTICT COURT
SOUTHER DISTRICT OF OHIO
EASTERN DIVISION

**SIMPLIFI HEALTH BENEFIT**
**MANAGEMENT, LLC,**

      **Plaintiff,**

                                                     Civil Action 2:13-cv-714
  v.                                      Judge Michael H. Watson
                                                     Magistrate Judge Elizabeth P. Deavers

**CAYMAN ISLANDS NATIONAL**
**INSURANCE COMPANY,**

      **Defendant.**

### OPINION AND ORDER

Plaintiff, Simplifi Health Benefit Management, LLC ("Simplifi"), brings this state-law breach-of-contract action against Defendant, Cayman Islands National Insurance Company ("CINICO"). Because Simplifi is a domestic plaintiff and CINICO is a foreign defendant, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330. This matter is before the Court for consideration of Simplifi's Motion to Compel Discovery (ECF No. 44), CINICO's Response in Opposition (ECF No. 46), and Simplifi's Reply in Support (ECF No. 56). For the following reasons, Simplifi's Motion is **DENIED**.

**I.**

Plaintiff Simplifi is a third-party administrator ("TPA") that provides claims administration services to sponsors or administrators of self-insured employee health benefit plans. Defendant CINICO is a government-owned insurance company that provides health insurance coverage to residents of the Cayman Islands. This cause of action arises from the alleged breach of an Administration Services Agreement ("ASA") between the parties.

According to the Complaint, Simplifi and CINICO entered into an ASA effective July 1, 2011.  The ASA established Simplifi as a TPA for CINICO.  As a TPA, Simplifi handled the processing, payment, and settlement of claims for healthcare services provided to CINICO's insureds.  The initial term of the ASA began on July 1, 2011, and ran for a period of twenty-four months.  Thereafter, the ASA renewed for successive twelve-month periods absent termination pursuant to Section 9 of the agreement.  Section 9 provides that either party may terminate the ASA "by giving written notice of intent to terminate to the other party at least [120] days prior to the end of the Initial Term or any Renewal Term."  (ASA at § 9.2, ECF No. 2-1.)  Section 10 of the ASA required that any such notice "be (a) delivered in person, (b) mailed, by certified mail, return receipt requested, postage prepaid, (c) delivered by a commercial overnight courier, or (d) transmitted by facsimile."  (*Id*. at § 10.12.)

On February 6, 2013, Stoddard Lawrence, a member of Simplifi's management, received an email from Lonny Tibbetts, CINICO's Chief Executive Officer.  In this email, Tibbetts asked Lawrence to "accept this e-mail as formal notice of termination of services on May 31, 2013."  (Compl. ¶ 13, ECF No. 2.)  Simplifi alleges that on February 7, 2013, Lawrence sent an email to Tibbetts pointing out that the Initial Term of the ASA ran through June 30, 2013, not May 31, 2013.  Lawrence also asked Tibbetts to send a formal written termination notice and requested to speak with him regarding transition issues.  Tibbetts did not respond this email.  In March 2013, Lawrence sent another email to Tibbetts seeking to schedule a time to discuss transition issues.  In April 2013, Tibbetts forwarded Lawrence's February 7, 2013 email and asked if they could talk now.  In a subsequent phone conversation, Tibbetts informed Lawrence that CINICO had not yet selected a new TPA, but that he would call Simplifi when the selection had been finalized.

On May 29, 2013, Tibbets emailed Lawrence and shared that CINICO was finalizing the contract with the new TPA and would update Simplifi.  Simplifi responded with an email telling CINICO that the ASA had renewed automatically for another year because CINICO had failed to provide written notice of the termination as required under the ASA.

On June 13, 2013, Simplifi invoiced CINICO for the month of July and continued to provide services to CINICO through July 11, 2013.  CINICO refused to pay the June 2013 invoice.  Simplifi consequently suspended services.  On July 19, 2013, Simplifi brought the instant breach-of-contract action against CINICO.  Plaintiff asserts that CINICO "materially breached the [ASA] by failing to pay [the June 2013] invoice and by failing to provide Simplifi with proper notice of [CINICO's] intent to terminate the [ASA]."  (*Id.* at ¶ 27.)  In regards to the propriety of the termination notice, Simplifi points to the ASA's provisions relating to the proper delivery method of such a notice and contends that CINICO failed to comply with any of them.

In the subject Motion to Compel, Simplifi asks the Court to compel production of a copy of any agreement or contract with the replacement TPA all communications between CINCICO and the replacement TPA between January 1, 2012, and December 31, 2013, as requested in two of its requests for production of documents.  Simplifi asserts that given that CINICO's purported termination notice and follow-up communications were ambiguous, the requested documents are relevant because it "needs to investigate CINICO's contention that it was prepared to terminate the relationship with Simplifi."  (Pl.'s Mot. to Compel 4, ECF No. 44.)  Simplifi adds that the documents are "necessary to verify the accuracy of [Tibbetts' deposition testimony] concerning the timing of Simplifi's replacement."  Simplifi submits that the documents at issue are also relevant to confirm the accuracy of CINICO's statement that Simplifi should have been on notice

earlier that the ASA would not be renewed based upon the fact that it had lost an earlier Request for Proposal ("RFP") covering the same services that it had been supplying. (*Id.*)

CINICO opposes Simplifi's Motion, asserting that "[g]iven the nature of Simplifi's claims, [its] contract with its replacement TPA and its communications with it have absolutely no relevance to any claim or defense asserted in this action." (Def.'s Mem. in Opp. 2, ECF No. 46.) CINICO adds that Simplifi's assertion that the termination notice is ambiguous constitutes a new theory that if failed to include in its Complaint and maintains that raising a new theory at this late stage of the litigation demonstrates bad faith.

In its Reply, Simplifi attempts to demonstrate the validity of its contention that the termination email and the parties' subsequent communications were ambiguous. Proceeding from the premise of this purported ambiguity, Simplifi asserts that the discovery it seeks to compel could reveal that CINICO did not have a replacement TPA lined up when it sent the termination email. Simplifi contends that such a discovery "belies [Tibbetts'] stated intention to terminate the [ASA] with the [February 6, 2013] e-mail." (Pl.'s Reply 7, ECF No. 56.) Simplifi therefore concludes that the documents it seeks to compel are relevant.

## II.

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). The Court is satisfied that this prerequisite to a motion to compel has been met in this case.

Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). As the United States Court of Appeals for the Sixth

4

Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  In particular, discovery is more liberal than the trial setting, as Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)).  The Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  In considering the scope of discovery, the Court should balance a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle and Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).

### III.

Simplifi's assertion that the discovery it seeks to compel is relevant is unavailing.  "[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Guinn v. Mount Carmel Health Systems*, No. 2:09-cv-226, 2010 WL 2927254, at *5 (S.D. Ohio July 23, 2010) (Kemp, J.) (quoting *Clumm v. Manes*, No. 2:08–cv–567 (S.D. Ohio May 27, 2010) (King, J.)); *see also Berryman v. Supervalu Holdings, Inc.*, No. 3:05-cv-169, 2008 WL 4934007, at *9 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has been challenged, the burden is on the requester to show the relevance of the requested information.") (internal citation omitted)).

Simplifi has failed to satisfy its burden to demonstrate relevancy with regards to the documents it seeks to compel.  As Simplifi highlights in its Complaint, at issue in this action is whether the February 6, 2013 email operated to terminate the ASA given its deviations from the

5

requirements set forth in Section 10 of the ASA. As the Court pointed out in its August 16, 2014 Amended Order, resolution of this issue could also necessitate an inquiry into whether Simplifi received actual notice of termination. (ECF No. 28 at 3.) But the timing of when CINICO began and/or finalized negotiations with the new TPA has no bearing on either of these issues, regardless of whether the February 6, 2013 email is characterized as ambiguous. Similarly, the Court cannot discern how the *content* of CINICO's agreement with its replacement TPA—a document Simplifi has never reviewed—could bear on whether Simplifi was on actual notice of CINICO's termination of the ASA. Finally, with regard to Simplifi's request that CINICO produce a year's worth of its communications with the replacement TPA, the Court finds that any marginal or tangential relevance is outweighed by the burdensome nature of requiring CINICO to make such a production, especially given that Simplifi has already obtained deposition testimony on this topic.

### IV.

For the reasons set forth above, Plaintiff's Motion to Compel Discovery is **DENIED**. (ECF No. 44.)

**IT IS SO ORDERED.**


Date: July 15, 2015                    /s/ Elizabeth A. Preston Deavers
                                       ELIZABETH A. PRESTON DEAVERS
                                       UNITED STATES MAGISTRATE JUDGE