**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT**
**EASTERN DIVISION**

**SIMPLIFI HEALTH BENEFIT MANAGEMENT, LLC,**

**Plaintiff,**

**v.**

**Civil Action 2:13-cv-714**
**Judge Michael A. Watson**
**Magistrate Judge Elizabeth P. Deavers**

**CAYMAN ISLANDS NATIONAL INSURANCE COMPANY,**

**Defendant.**

**OPINION AND ORDER**

Plaintiff Simplifi Health Benefit Management, LLC ("Simplifi") brings this state-law breach of contract action against Defendant Cayman Islands National Insurance Company ("CINICO"). Because Simplifi is a domestic plaintiff and CINICO is a foreign defendant, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330. This matter is before the Court for consideration of CINICO's Motion to Join a Plaintiff and Counter-Defendant and For Leave to File a Second Amended Counterclaim (ECF No. 64), Simplifi's Response in Opposition (ECF No. 69), and CINICO's Reply in Support (ECF No. 70). For the following reasons, CINICO's Motion is **DENIED**.

**I.**

Plaintiff Simplifi is a third-party administrator ("TPA") that provides claims administration services to sponsors or administrators of self-insured employee health benefit plans. Defendant CINICO is a government-owned insurance company that provides health insurance coverage to residents of the Cayman Islands. (Compl. ¶¶ 1, 2.)

According to the Complaint, Simplifi and CINICO entered into an Administration Services Agreement ("ASA"), effective July 1, 2011, that established Simplifi as a TPA for CINICO. As a TPA under the ASA, Simplifi handled processing, payment, and settlement of claims for health care services provided to CINICO's insured. The initial term of ASA began July 1, 2011 and ran for a period of twenty-four months. (Compl. ¶¶ 6-8.)

Simplifi filed its Complaint on July 19, 2013. Simplifi avers that CINICO failed to terminate the ASA as required under Section 9 of the agreement and that the ASA consequently renewed for another twelve-month term on June 30, 2013. Simplifi further asserts that CINICO breached the ASA because it failed to pay a June 13, 2013 invoice and uphold its obligations for the renewed twelve-month term. (Compl. ¶¶ 8-22.)

CINICO filed a Counterclaim on October 1, 2013 alleging that Simplifi did not fully perform its obligations under the ASA for the months of February, March, and April 2012; and that Simplifi failed to complete monthly and quarterly reports due in June 2013. (ECF No. 7 at 8-9.) On August 15, 2014, CINICO filed an Amended Counterclaim adding allegations that Simplifi failed to reconcile and issue a report concerning invoices submitted by Cayman Islands Airways ("the Airways Project"); Simplifi failed to prepare a spreadsheet pertaining to claims paid to Seafarers, Veterans, and Indigents ("the Seafarers Project"); and Simplifi breached the ASA by agreeing to pay certain unapproved and unauthorized claims. (ECF No. 20 at 6-8.)

As of February 26, 2014, Simplifi transferred certain of its interests in this litigation to America's Choice Healthplans, LLC ("ACH"). ACH agreed to pay Simplifi's legal fees and expenses in connection with this case, and Simplifi assigned to ACH its "rights, title, claims, options, power, privileges and interests in and to any and all after-tax monetary recoveries . . ., interest or other funds [Simplifi] would be entitled to receive . . . as a plaintiff." (ECF No. 69-2

(partially signed copy of Assignment of Cause of Action Proceeds) (hereinafter, "Assignment").) The Assignment provides, "[f]or the avoidance of doubt, the intent of the parties is for [Simplifi] to retain, and not assign, the underlying cause of action in [this case]." It further provides that Simplifi "will retain, and [ACH] shall not assume, any and all liabilities and obligations of [Simplifi] relating to [Simplifi's] interests in [this case], including any obligations that may exist as a result of the counterclaim." (ECF No. 69-2.)

On March 7, 2014, ACH acquired from Simplifi all of Simplifi's "Accounts, Documents, Chattel paper, General Intangibles, Customer Contracts, Instruments, Deposit Accounts, Letter of Credit Rights, Inventory, and Equipment . . . ." The acquisition expressly excludes the ASA and several other contracts. (ECF No. 69 at 2, ECF No. 69-4 at 4, 8-9 (Transfer Statement).)

**II.**

Federal Rules of Civil Procedure Rule 25(c) provides that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c). "Rule 25(c) does not require that anything be done after an interest has been transferred." *Blachy v. Butcher*, 221 F.3d 896, 911 (6th Cir. 2000) (quoting *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993)).

**III.**

To support its motion to add ACH as a party, CINICO first points to *Jones v. Vill. of Proctorville, Ohio*, 303 F.2d 311, 313 (6th Cir. 1962), in which the Court of Appeals for the Sixth Circuit held that substitution under Rule 25(c) is proper when the subject matter of the litigation is transferred from one party to another. As stated above, however, the cause of action

in this case was specifically excluded from the transfer (ECF No. 69-2), making this case distinguishable from *Jones*.

CINICO next argues that, due to the transfer of assets, Simplifi will be unable to pay damages to CINICO, and ACH is now liable for Simplifi's breaches under Ohio's successor liability law.[1]

CINICO also asserts that ACH is the real party in interest because Simplifi assigned and transferred to ACH all of its beneficial and equitable interest in this litigation and retained only a legal interest. CINICO cites *In State ex rel. Botkins v. Laws*, 632 N.E.2d 897 (1994), in which the Supreme Court of Ohio held that "[a] real party in interest is one who is directly benefitted or injured by the outcome of the case rather than one merely having an interest in the action itself."

Finally, CINICO points out that ACH filed no opposition to its motion, argues that Simplifi will not be prejudiced by a successor liability claim against ACH, and asserts that such a claim in this case would avoid the need for a separate action against ACH.

In response, Simplifi argues that it did not transfer an interest sufficient to trigger Rule 25(c). Simplifi asserts that it retains the underlying cause of action and remains the real party in interest. Simplifi argues that adding ACH as a party would only complicate and delay the proceedings. Finally, Simplifi asserts that the issue of successor liability is premature, and should be determined at a later date if CINICO prevails and Simplifi does not satisfy the judgment.

---

[1] Under Ohio law, a corporation that purchases the assets of another is liable for the predecessor corporation's contractual liabilities only if: "(1) the buyer expressly or impliedly agrees to assume such liability; (2) the transaction amounts to a *de facto* consolidation or merger; (3) the buyer corporation is merely a continuation of the seller corporation; or (4) the transaction is entered into fraudulently for the purpose of escaping liability." *Mickowski v. Visi-Trak Worldwide, LLC*, 415 F.3d 501, 509 (6th Cir. 2005) (quoting *Welco Indus., Inc. v. Applied Cos.*, 617 N.E.2d 1129, 1130–31 (1993)). CINICO argues that ACH is liable under the second, third, and fourth bases for successor liability set forth above.

Because it is dispositive of the entire matter, the Court will first address the issue of whether a transfer of interest has occurred to trigger Rule 25(c). In the context of substitution of corporate entities under Rule 25(c), a transfer of interest occurs "when one corporation becomes the successor by merger or other acquisition of the interest the original corporate party had in the lawsuit." *Melton v. Bank of Lexington*, No. 02-1152 B/P, 2008 WL 867896, at *1 (W.D. Tenn. Mar. 28, 2008) (citing *Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993)). To determine whether a transfer of interest has occurred, the Court applies state substantive law. *Virgo v. Riviera Beach Assocs.*, 30 F.3d 1350, 1358 (11th Cir. Fla. 1994) (citing *Defense Supplies Corp. v. Lawrence Warehouse Co.*, 336 U.S. 631 (1949)); *see also Mickowski v. Visi-Trak Worldwide, LLC*, 415 F.3d 501, 510 (6th Cir. 2005) (applying Ohio law to determine successor liability). "Because Rule 25(c) is merely a procedural device designed to facilitate the conduct of a case, a decision under the Rule generally falls within the district court's discretion." *Roxane Labs., Inc. v. Abbott Labs.*, No. 2:12-CV-312, 2012 WL 5511138, at *2 (S.D. Ohio Nov. 14, 2012) (citations omitted).

As stated above, ACH agreed to pay Simplifi's legal fees and expenses, and Simplifi assigned to ACH its interest in any monetary recoveries. Simplifi, however, retained the underlying cause of action and all liabilities relating to this case. (ECF No. 69-2.) In other words, ACH would "own" only a beneficial outcome, and would not be liable for an adverse outcome (aside from paying legal fees).

The Court finds that ACH has not become the successor of Simplifi's entire interest in this litigation and concludes that Simplifi's partial transfer of its interest in this litigation is not sufficient to warrant the Court's exercise of its discretion under Rule 25(c). Finally, the Court

agrees with Simplifi that the issue of successor liability is premature at this point in the proceedings.

**IV.**

For the reasons set forth above, Defendant's Motion to Substitute Party and for Leave to File Second Amended Counterclaim (ECF No. 64) is **DENIED**.

**IT IS SO ORDERED.**

**/s/ *Elizabeth A. Preston Deavers*________**
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

**Date: September 9, 2015**